UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IRMA AGUIRRE, <br><br> Plaintiff(s), <br><br> vs. <br><br> MUNDO, LLC, et al., <br><br> Defendant(s). | Case No. 2:13-cv-01957-LDG-NJK <br><br> **ORDER DENYING STAY** |

Pending before the Court is Defendants' Amended Motion for Protective Order Staying Discovery Until the Court Rules on Defendants' Pending Motion to Dismiss. *See* Docket 17; *see also* Docket No. 5 ("motion to dismiss"). Defendants' amended motion supersedes their original motion, Docket No. 16, which is hereby DENIED as moot. Additionally, for the reasons discussed below, Defendants' amended motion, Docket No. 17, is DENIED.

The pendency of a motion to dismiss alone does not in itself stay discovery deadlines. *See, e.g., Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be stayed." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 601 (D. Nev. 2011). To determine whether this requirement is met, the Court employs a two-part test: (1) the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought; and (2) the court must determine whether the pending potentially dispositive motion can be decided without

additional discovery. *Ministerio,* 288 F.R.D. at 506; *citing e.g., Mlejnecky,* 2011 WL 489743, at *6. Therefore, as a threshold matter, the movant must establish that the "pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought." *Tradebay,* 278 F.R.D at 601. Once a party has met the threshold requirement, the court must consider whether the pending potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dept. of Fish & Wildlife*, 288 F.R.D. 500 (D. Nev. 2013); citing *Mlejnecky v. Olympus Imaging America, Inc., 2011 WL 489743, at *6 (E.D.Cal. Feb. 7, 2011).* To make this determination, "the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted."[1] *Id.* The Court must decide "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id*.

Here, Defendants seek to dismiss the entire Complaint on the following grounds: (1) Plaintiff has failed to exhaust her administrative remedies by failing to file a charge with the EEOC; (2) she is not "employee" under Title VII; and (3) she has not sufficiently pled her claims, including her claim for breach of fiduciary duty. Plaintiff filed a response in opposition to Defendants' motion asserting that, although the motion to dismiss is potentially dispositive, it is unlikely to succeed in its entirely and, additionally, there are still questions of fact that must be resolved. Specifically, Plaintiff argues that the dispute concerning whether Plaintiff was an employee is a very fact-intensive inquiry and many of the relevant facts are still in dispute. Finally, Plaintiff asserts that even if the Court finds that she has not sufficiently pled her claims, leave to amend is liberally granted and, therefore,

---

[1] As the Court in *Ministerio Roca Solida* stated, "taking a 'preliminary peek' and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's 'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." Federal Rule of Civil Procedure 1 directs that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action."

discovery should proceed.

Having reviewed the parties' respective arguments as well as the pending motion to dismiss, the Court finds that, although the pending motion to dismiss is potentially dispositive and it could, hypothetically, be decided without additional discovery, it is unlikely that it will be granted in its entirely without leave to amend. The Court has taken a preliminary peek at the merits of the pending motion and finds that it is more just to move this case forward with discovery while the dispositive motion is pending than to delay the litigation for an unspecified amount of time.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion for Protective Order Staying Discovery Until the Court Rules on Defendants' Pending Motion to Dismiss, Docket No. 16, is DENIED as moot.

IT IS FURTHER ORDERED that Defendants' Amended Motion for Protective Order Staying Discovery Until the Court Rules on Defendants' Pending Motion to Dismiss, Docket No. 17, is DENIED.

IT IS FURTHER ORDERED that the parties shall submit a joint proposed discovery plan no later than January 6, 2014.

IT IS SO ORDERED.

DATED: December 30, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge