UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IRMA AGUIRRE,<br><br>   Plaintiff,<br><br>v.<br><br>MUNDO, LLC., a Nevada Limited Liability Company; ALIEN TEQUILA SPIRITS COMPANY, LLC, a Nevada Limited Liability Company; GEORGE HARRIS, an Individual; DOES I through X; and ROE BUSINESS ENTITIES I through X, Inclusive,<br><br>   Defendants. | Case No. 2:13-cv-01957-LDG-NJK<br><br>**ORDER** |

The plaintiff, Irma Aguirre, filed the instant complaint against defendant George Harris, as well as defendants Mundo, LLC, ("Mundo") and Alien Tequila Spirits Company, LLC ("Alien"). Both Harris and Aguirre maintain ownership interests in Mundo and Alien. Aguirre alleges that she was the general manager of the restaurant operated by Mundo, and that she was wrongfully terminated by Harris, her supervisor, after she refused to marry him. She alleges that the defendants violated Title VII by discriminating against her on the basis of sex, and by wrongfully terminating her employment. She additionally alleges that employment and shareholder contracts existed between herself and the

defendants, and that her termination was a breach of these contracts' implied covenants of good faith and fair dealing. Finally, she alleges that Harris breached the fiduciary duty he owed to her by reason of their positions as shareholders in the same organizations. The defendants move to dismiss (#5)[1]. The plaintiff opposes the motion (#12). The Court will grant the motion in part and deny it in part.

Motion to Dismiss

The defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet

---

[1] Alternatively, the defendants move for summary judgment. The Court here considers only the pleadings, and therefore addresses only the motion to dismiss.

2

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. P. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.* at 567.

<u>Factual Background</u>

In 2009, Aguirre worked with one of the defendants, Harris, to open Mundo Restaurant (#1, Exhibit 1, ¶ 18-19). Aguirre alleges that she was subsequently hired as a general manager for the restaurant, and that she was paid a salary for this position (#1, Exhibit 1, ¶ 21). During this same time, she owned a minority interest in defendant Mundo, LLC, which owns Mundo Restaurant, as well as a minority interest in defendant Alien Tequila Spirits Company, LLC (#1, Exhibit 1, ¶ 20). She alleges that Harris maintained a larger interest in each of these entities (#1, Exhibit 1, ¶ 70).

In July 2011, Aguirre ended a romantic relationship with Harris (#1, Exhibit 1, ¶ 23). She alleges that Harris continued to pursue her, including making "unwanted sexual advances," until he subsequently proposed marriage in November 2011. Eight days later, after refusing his proposal, Aguirre was terminated from her position at Mundo Restaurant (#1, Exhibit 1, ¶ 24-27). She subsequently filed a "Charge of Discrimination" with the Equal

Employment Opportunity Commission (EEOC), before bringing the instant complaint (#1, Exhibit 1, ¶ 30).

Analysis

### Exhaustion of Administrative Remedies

The defendants argue that Aguirre's first two causes of action must be dismissed because she failed to exhaust her administrative remedies prior to pursuing the instant complaint. Under Ninth Circuit case law regarding Title VII, "substantial compliance" with administrative requirements is "a jurisdictional prerequisite" to filing a complaint alleging discrimination. *Sommatino v. U.S.*, 255 F.3d 704, 708 (9th Cir. 2001). The scope of a complaint filed in federal court "depends upon the scope of both the EEOC charge and the EEOC investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). "Therefore incidents of discrimination not included in an EEOC charge may not be considered by a federal court" unless (1) the new claims "are 'like or reasonably related to the allegations contained in the EEOC charge" or (2) "fall within the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* (quoting *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1475-76 (9th Cir. 1989)); *Sommatino* 255 F.3d at 709 (quoting *Deppe v. United Airlines*, 217 F.3d 1262, 1267 (9th Cir. 2000).

Aguirre's charging document alleges discrimination based on retaliation, without reference to discrimination based on sex. In detailing the alleged discrimination, the plaintiff wrote:

> On or about August 2009, I was hired by Respondent as a General Manager. My last job title was General Manager.
>
> On or about December 5, 2011, George Harris (Managing Partner) terminated my position due to lack of funds; however, I believe this reason is pretext to retaliate against me by excluding me from a public event and making negative references.

4

> On or about February 2, 2012, Mr. Harris further retaliated against me by excluding me from a public event and making negative references.
>
> I believe that I was retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1965, as amended. (#12, Exhibit 2).

The plaintiff's complaint subsequently expands these allegations to include discrimination on the basis of sex, based in part on allegations of "derogatory comments about women and sexually explicit comments by Mr. Harris . . . [and] sexist and sexually offensive comments . . . of a character and frequency that they created an illegal, hostile, offensive work environment" (#1, Exhibit 1, ¶ 36). The complaint additionally alleged that the "protected activity" included "rejecting Mr. Harris's sexual and inappropriate advances and indicating she was not willing to date him," and ultimately rejecting Harris's marriage proposal (#1, Exhibit 1, ¶ 38).

The defendants argue that Aguirre's EEOC charging document does not refer to gender discrimination, and that she should therefore be barred from raising such issues in the instant complaint (#13, 8). The Court disagrees. The Court finds that a reasonable investigation into Aguirre's charging document would have uncovered that the "protected activity" she referred to included rejecting Harris's sexual advances and marriage proposal, and subsequently would have included an investigation into her treatment by Harris following the conclusion of their relationship six months prior to her termination. Therefore, the Court will not grant the motion to dismiss on grounds relating to the plaintiff's exhaustion of administrative relief.

<u>Status of Mundo, Mingo, and Alien as an Integrated Enterprise</u>

One of the defendants, Alien, argues that it should be dismissed as a party. Alien argues that it is not an employer covered by Title VII, and has never employed Aguirre. Aguirre does not dispute that Alien, as a lone enterprise, is not a covered employer and did

not directly employ her.  Rather, she argues that Alien, Mundo, and Mingo are collectively an "integrated enterprise," and thus may jointly be sued as her employer.

To determine whether separate entities constitute a single, integrated employer, the Ninth Circuit considers the "(1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership of financial control." *Childs v. Local 18, Int'l Brotherhood of Electrical Workers*, 719 F.2d 1379, 1382 (9th Cir. 1983).

In her complaint, the plaintiff alleges:

> On information and belief, the entities Mundo, Mingo, and Alien Tequila (collectively, the "Harris Enterprises") are so intertwined that they constitute an integrated enterprise and a single employer under Title VII.  For example, the same individuals manage and supervise the Harris Enterprises (including labor relations), the Harris Enterprises have common officers, the same individuals own and exercise financial control over the Harris Enterprises, the Harris Enterprises have common officers, and the same persons make employment decisions for all the Harris Enterprises.  Because the Harris Enterprises operate as an integrated enterprise, any award in this case is recoverable against any of them.

(#1, Exhibit 1, ¶ 38)

Alien argues that these allegations are untrue, and seeks to demonstrate that the enterprises are owned and operated by different parties.  However, when ruling on a motion to dismiss, the Court must accept the plaintiff's allegations as true.  Therefore, at this stage in the proceedings, the Court finds that Aguirre has sufficiently alleged that the enterprises are integrated.

<u>Employee Status</u>

The defendants additionally argue that the plaintiff's two Title VII claims should be dismissed on the grounds that the plaintiff was never an employee of Mundo's, but was rather "an owner and office/member [sic] of both Mundo and Alien, as she remains to be today." (#5, 16:6-8).  Aguirre argues that her position as a shareholder is irrelevant to the determination of her status as an employee.

6

To determine "whether a shareholder-director is an employee," courts are to consider six factors:

(1) Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work;

(2) Whether and, if so, to what extent, the organization supervises the individual's work;

(3) Whether the individual reports to someone higher in the organization;

(4) Whether and, if so, to what extent the individual is able to influence the organization;

(5) Whether the parties intended that the individuals be an employee, as expressed in written agreements or contracts;

(6) Whether the individual shares in the profits, losses, and liabilities of the organization.

*Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440 (2003)

In her complaint, the plaintiff alleges that she was "hired as a General Manager for Mundo Restaurant at a salary of $80,000.00," and that Harris was her "direct supervisor" while she was employed there (#1, Exhibit 1, ¶ 21-22, 38). She alleges that Harris "controlled all aspects of her employment," "altered the terms and conditions of her employment" after she began rejecting his advances, and ultimately terminated her employment (#1, Exhibit 1, ¶ 38-39).

Again, the defendants respond to these allegations by arguing that they are not true, rather than by arguing that they are insufficient. Accepting Aguirre's arguments as true, however, the Court finds that they are sufficient to plausibly allege that she was an employee. Therefore, the Court will deny the motion to dismiss as to this claim.

<u>Breach of the Covenant of Good Faith and Fair Dealing (Employment)</u>

The defendants argue that Aguirre failed to state a claim for breach of an implied employment contract because she was never employed by them. As the Court determined above, however, Aguirre has sufficiently pled the existence of an employer-employee

relationship, as well as a breach of the implied contract governing that relationship, in the form of a retaliatory termination. Therefore, the Court will deny the motion to dismiss as to this claim.

### Breach of the Covenant of Good Faith and Fair Dealing (Shareholder)

The defendants also argue that Aguirre failed to state a claim for breach of a shareholders contract. Aguirre argues that the defendants "breached the implied covenant by, inter alia, depriving Ms. Aguirre of her rights as a minority shareholder of Mundo and Alien Tequila" (#1, Exhibit 1, ¶ 65). Later in the complaint, she alleges that her ownership interests were diluted due to the unspecified actions of one of the defendants, Mr. Harris (#1, Exhibit 1, ¶ 70). She makes no allegations regarding whether this alleged dilution of interest was a breach of the covenant of good faith and fair dealing. She makes no other allegations regarding any other minority shareholder rights of which she was deprived. Because her complaint is not sufficiently clear to establish which rights she was deprived of, the Court will grant the motion to dismiss as to this claim.

### Breach of Fiduciary Duty

Harris, the only defendant against whom a breach of fiduciary duty claim was raised, argues that Aguirre failed to meet a higher pleading standard required for a claim of breach of fiduciary duty. He argues further that, even if the lower pleading standard applies, the plaintiff failed to sufficiently allege any damages from the alleged breach.

Several Nevada Supreme Court cases have made the blanket declaration that "a breach of fiduciary duty is fraud," and Harris therefore argues that the higher pleading standards required by Rule 9(b) apply. *See* Fed. R. Civ. P. 9(b); *Nevada State Bank v. Jamison Partnership,* 106 Nev. 792, 799 (1990); *Shupe v. Ham,* 98 Nev. 61, 64 (1982). However, a separate Nevada Supreme Court case indicated that fiduciary duties could be breached either in a fraudulent or non-fraudulent manner. *Golden Nugget, Inc. v. Ham,* 98 Nev. 311, 313 (1982). Furthermore, none of these cases directly addressed pleading

standards, but focused instead on the applicability of statutes of limitation for fraud claims. More specifically, two District of Nevada cases have held that pleadings that allege a fraudulent breach of fiduciary duty are subject to higher pleading standards, while pleadings that allege a non-fraudulent breach of fiduciary duty are subject to Rule 12(b)(6) pleading standards. *See Gowen v. Tiltware LLC,* 2009 WL 1441653 *8 (D. Nev.2009); *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1206 (D. Nev. 2009).

In the instant complaint, Aguirre alleges that Harris owed her a fiduciary duty due to their respective roles as shareholders, and that Harris breached this duty by diluting Aguirre's ownership interests in Mundo and by removing her as an owner of Mundo (#1, Exhibit 1, ¶ 70-72). She has not alleged that a duty was breached fraudulently, and therefore she will not be subject to the heightened pleading standards of Rule 9(b).

A claim for breach of fiduciary duty has three elements: "(1) existence of a fiduciary duty; (2) breach of the duty; and (3) the breach proximately caused the damages." *Klein v. Freedom Strategic Partners, LLC*, 595 F. Supp. 2d 1152 (D. Nev. 2009). Harris argues that Aguirre has not sufficiently alleged that a fiduciary duty existed, that any such duty was breached, or that any damages have occurred due to such a breach. The Court agrees. Aguirre has alleged that Harris maintained a larger ownership interest than she did, and has alleged that this larger ownership granted Harris significant control over the operations of the businesses. While this is sufficient to allege the existence of a fiduciary relationship, it does not give Harris notice of what fiduciary duty he has allegedly breached. In *Gowen*, after considering a range of fiduciary duties existing between shareholders in jurisdictions across the United States, including in the Ninth Circuit, the court concluded that "there are a variety of fiduciary duties that a majority shareholder might owe to a minority shareholder." *Gowen*, 2009 WL 1441653*8 (D. Nev. 2009). The court held as insufficient the allegation "that the individual Defendants are majority shareholders in the Companies and that they violated their fiduciary duty to [Plaintiff], as a minority shareholder," because

9

"the individual Defendants cannot be on notice of the claim against them if they are not even apprised of what duty they owed [Plaintiff]." *Id.*

Here, while Aguirre has sufficiently alleged a relationship in which fiduciary duties could exist, she has not alleged which duties Harris may have breached.  Nor has she alleged what actions Harris took to cause the dilution of her ownership interests.  Because Aguirre's complaint does not provide specific factual allegations from which Harris would be on notice of the alleged breach, the Court will grant the motion to dismiss as to this claim.

Accordingly,

THE COURT **ORDERS** that Defendants' Motion to Dismiss (#5) is GRANTED as to Plaintiff's claims for breach of the covenant of good faith and fair dealing in a shareholder contract and breach of fiduciary duty claims, and is DENIED as to all other claims.

DATED this 30 day of September, 2014.

_____
Lloyd D. George
United States District Judge

10